FAUTUA L.T. FAUMUINA, Plaintiff

v.

SAUNOA S. VAOULI, SUAFA'I P. SATELE, Defendants

In the Matter of the Matai Title "FAUMUINA" of the Village of Alofau

High Court of American Samoa
Land and Titles Division

MT No. 08-90

February 26, 1997

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, LOGOAI, Associate Judge, ATIULAGI, Associate Judge, and MAILO, Temporary Associate Judge.

Counsel:     For Plaintiff, Tuana'itau F. Tuia, LP
             For Defendant, Saunoa S. Vaouli, Gata E.W. Gurr
             For Defendant, Suafa'i P. Satele, Asaua Fuimaono

Opinion and Order:

This case originally went to trial in the Land and Titles Division in March of 1992, and concluded with the title "Faumuina" being awarded to candidate A.P. Lutali. On appeal, the Appellate Division vacated the trial court's decision and remanded. The appellate court reversed on two grounds: that the court failed to determine the identity and makeup of the Faumuina family clans, and that certain associate judges who sat at the trial level should have recused themselves. Since remand, candidate Utu Sinagege has passed away and candidate A.P. Lutali has withdrawn his claim. A.P. Lutali's withdrawal from the case has eliminated the perceived conflict of interest involving the associate judges. The case is now once again before the Land and Titles Division having first being placed on calendar for trial for August 26, 1994. However, after countless postponements, for further family discussion, the matter was finally heard on January 22-24, 1997. Following the parties' filing of post-trial briefs, the court took the matter under advisement and now issues the following opinion and order.

## DISCUSSION

165

In these matters, the court is guided by the four criteria set out in A.S.C.A. § 1.0409(c): (1) best hereditary right; (2) clan support; (3) forcefulness, character and personality, and knowledge of Samoan customs; and (4) value to family, village, and country.

## 1. Hereditary Right

Each party measured his hereditary entitlement to the nearest titleholder in his lineage. Fautua L.T. Faumuina ("Fautua") claimed 50% entitlement on the basis that his father, Faumuina Tuika III, was a previous title holder. Suafa`i P. Satele ("Satele") claimed 25% entitlement in that Faumuina Tuika III was his maternal grandfather. Saunoa S. Vaouli ("Saunoa") traces his line to Faumuina Tuika II, his great, great grandfather and accordingly claimed 6.25% entitlement.

Fautua clearly prevails on this issue, and we so find.

## 2. Wish of the Clans

We note at the outset that the parties have all changed their respective positions on the identity and makeup of family clans from the positions they had asserted and testified under oath at the original trial. On the evidence before us, we find that there is only one clan of the Faumuina family, known as Tuika. We further find that no one candidate enjoyed prevailing family opinion at the very first series of family meetings which were convened before the original trial in this matter. However, on the evidence received as to post-appeal family gatherings, we find that Fautua had lost much of the support that he had previously held, largely because of his perceived endorsement of candidate Lutali when he withdrew his appeal in the name of "peace and harmony in the family."

Saunoa, on the other hand, demonstrated some family support, but we find the evidence preponderating in favor of Suafa`i on the issue of clan preference. While both Saunoa and Suafa`i live in the village, unlike Fautua, Suafa`i finds the greatest favor with family elders because of regular service to the family. He has, together with his uncle Logomai, maintained the family sao's *monotaga* and he is the only candidate who is confronted from day to day with the family's commitments. At the same time, he has invariably served as the family's spokesman on numerous occasions. In a nutshell, he enjoys the weight of family opinion because of his active *tautua*.

Since Suafa`i enjoys the greatest measure of family support, we conclude that he therefore prevails on this consideration.

### 3. Forcefulness, Character and Personalty, and Knowledge of Samoan Customs

In our evaluation of each of the parties, we rate Saunoa slightly ahead of the other candidates on the element of forcefulness. He has relatively excelled in his efforts to better himself, having graduated from college and made a career in the federal government as a recruiter for a branch of the armed forces. He is young, industrious, and is also enjoying some measure of success in the business ventures that he operates with his wife.

Fautua is now retired from the American Samoa Government where he had, for many years, employed his skills and talents as an automotive mechanic. Notwithstanding the more limited opportunities that were available to his generation, Fautua has done rather well for himself. He is financially secure in his retirement, receiving both government retirement and social security benefits, as well as regular monetary assistance from his adult children. He currently concentrates his efforts in farming and boasts rental homes as a supplemental source of income. With his age, he is more circumspect and better tempered in disposition. Family harmony seems to be his motto, even at the expense of incurring family wrath when he endorsed, in the name of family concord, the trial court's previous choice of candidate Lutali as the next titleholder. His demeanor on the stand also manifested his personable qualities. He appeared genuine when he expressed his utter disappointment in the seemingly no-holds-barred approach taken during trial by the other candidates, his younger relatives, in derogation of family harmony. We are inclined to rate Fautua ahead of Saunoa and Suafaʻi on the consideration of personality.

Suafaʻi on the other hand has also had a long career with the American Samoa Government. He has dutifully wo ked his way up the ranks and now enjoys a supervisory position with the Port Administration. At one time, he also ran a business in the village but was less successful. This had, in our view, something to do with his choice of lifestyle; that is, emphasis on the communal way of life and the active service of the family in accordance with the dictates of the *faʻa Samoa*. Unlike Fautua and Saunoa, whose lifestyles have tended to emphasize their own individual wants and aspirations, Suafaʻi's choice of lifestyle has been less independent of the demands and needs of the Faumuina family. In this regard, we are inclined to place him ahead of the other candidates in terms of the character factor. Additionally, Suafaʻi's day to day experience with family and village affairs, is clearly demonstrative of his greater familiarity with matters of Samoan customs, as revealed by his answers to questions of the Associate Judges. (The earlier trial court also noted Suafaʻi's "excellent" knowledge of Samoan custom.) We are

satisfied that Suafa'i is stronger in terms of the elements of character and knowledge of Samoan customs.

Weighing the relative strengths and weaknesses of the parties, we conclude in favor of Suafa'i on this criterion.

### 4. Value to Family, Village, and Country

In their own chosen career fields, each candidate has positively contributed to the general well being of the territory. However, Suafa'i is superior on the issues of value to family and village.

The evidence shows that Fautua has for many years lived in the Malaeimi area, and that he is involved only intermittently in Faumuina family *fa'alavelave*. He readily admits reliance on the family members living in Alofau to attend to the day to day obligations of the sao and family. This is, in actuality, effective testament to Suafa'i's service to the family. Moreover, Fautua's allegiance as a matai and as a church deacon are primarily owed elsewhere, and not with Alofau.

Saunoa, although living in Alofau, has not, as a non-titled person, involved himself much in village affairs. He is involved about as much in family affairs. Although he does contribute to important family *fa'alavelave*, Saunoa must point to the past services of his father and ancestors to highlight the equities on his side of the family. His focus in life to date, however, has been his own personal and career goals. Indeed, his return to the territory was coincidental with his good fortune in securing a duty station on Tutuila. He purports to excuse his seeming apathy with his political rights--he does not participate in local elections--by claiming a misguided fear of jeopardizing his federal career if he exercises his political rights. Finally, the matai title Faumuina has paramount stature, but Saunoa is without any matai experience whatsoever.

Suafa'i, however, impresses us as having the best potential to lead the family and take on the burdens and responsibilities of the Faumuina title. He enjoys strong family following and support since he is perceived as not having simply demanded entitlement to the Faumuina title, but that he has effectively demonstrated merit by earning it the traditional way-- through service and *tautua* to the family. In terms of rapport with the village council and beyond, Suafa'i has and continues to enjoy recognition and stature not only because of the many inter-family occasions, both within and beyond Alofau, that he has acquitted himself as the Faumuina family's spokesman, but also because of his active involvement in village projects and village affairs.

168

On this fourth consideration, we find that the parties are by and large equal with respect to value to the country, but find that Suafaʻiʻs record speaks most convincingly in terms of value to family and village.

We conclude that Suafaʻi prevails also on this criterion.

## CONCLUSIONS & ORDER

Based on the foregoing, we hold that Suafaʻi is qualified to hold the title Faumuina. While Fautua prevails on hereditary considerations, Suafaʻi prevails over both Fautua and Saunoa on the second, third, and fourth criteria. The Territorial Registrar shall, in accordance with A.S.C.A. § 1.0409(b), register the matai title Faumuina, attached to the village of Alofau, in candidate Suafaʻi P. Satele.

It is so ordered.